T.C. Summary Opinion 2002-14

UNITED STATES TAX COURT

ARMANDO VEGA, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1434-01S.                    Filed February 15, 2002.

Armando Vega, pro se.

<u>Susan Smith Canavello</u>, for respondent.


POWELL, <u>Special Trial Judge</u>:  This case was heard pursuant to section 7463 of the Internal Revenue Code in effect at the time the petition was filed.[1]  The decision to be entered in this case is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined a deficiency in petitioner's 1998

_____

[1]  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue, and Rule references are to the Tax Court Rules of Practice and Procedure.

Federal income tax and an addition to tax under section

6651(a)(1) of $4,398 and $660, respectively.  The issues are:

(1) Whether a distribution from a retirement plan of $27,389 is

includable in petitioner's gross income for the 1998 taxable

year; (2) whether petitioner failed to report interest income of

$117 for 1998; and (3) whether petitioner is liable for the

addition to tax under section 6651(a)(1) for the 1998 taxable

year.[2]  Petitioner resided in Baton Rouge, Louisiana, at the time

the petition was filed.

The facts may be summarized as follows.  In October 1998,

petitioner received a distribution from a retirement plan[3] of

$30,389.94.[4]  Some time prior to this, petitioner had opened a

individual retirement account (IRA) and a cash management account

(CMA) with Merrill Lynch.  The distribution from the retirement

plan was deposited into the CMA.  Petitioner believed that he had

instructed his broker at Merrill Lynch to put the distribution

---

[2]  On his 1998 Federal income tax return petitioner reported taxable income of $12,325 from a teacher's retirement system. Respondent concedes that petitioner overstated this income by $4,124.  In the notice of deficiency, respondent determined that the addition to tax for late filing under sec. 6651(a)(1) was 15 percent of the amount of tax required to be shown on the return. Respondent concedes that the correct percentage is 5 percent.

[3]  The precise nature of this retirement plan is not contained in the record; the parties agree, however, that the plan is some type of a deferred income retirement program similar to a sec. 401(k) plan.

[4]  The amount of the distribution was $30,389.94. Respondent agrees that only $27,389 was taxable.

into the IRA.  A statement from Merrill Lynch for the period ending October 31, 1998, however, clearly shows that the distribution had been deposited into the CMA.

During 1998, petitioner had a savings account with Hibernia National Bank.  That account generated interest income of $117 that petitioner did not withdraw during the year.

Petitioner obtained extensions of time within which to file his 1998 Federal income tax return to October 15, 1999.  He did not file his 1998 return until October 19, 1999.  Petitioner did not report income from the distribution from the retirement plan or the $117 interest income from Hibernia National Bank.  Respondent determined that $27,389 of the retirement plan distribution and the $117 interest income are includable in gross income.  Respondent also imposed an addition to tax under section 6651(a)(1) for not timely filing the 1998 tax return.

## Discussion[5]

### Retirement Plan Distribution

The taxable portion of a distribution from a retirement plan under section 401(k) is generally taxable in the year of receipt. See sec. 402(a)(1).  Section 402(a)(5)(A) and (C), however, provides:

---

[5] The facts concerning the retirement plan distribution and the unreported interest are not in dispute, and sec. 7491(a), concerning the burden of proof with respect to factual issues, is not pertinent to the resolution of these issues

(A) General rule.--If--

    (i) any portion of the balance to the credit of an employee in a qualified trust is paid to him,

    (ii) the employee transfers any portion of the property he receives in such distribution to an eligible retirement plan, and

    (iii) in the case of a distribution of property other than money, the amount so transferred consists of the property distributed,

then such distribution (to the extent so transferred) shall not be includible in gross income for the taxable year in which paid.

\*      \*      \*      \*      \*      \*      \*

    (C) Transfer must be made within 60 days of receipt.-- Subparagraph (A) shall not apply to any transfer of a distribution made after the 60th day following the day on which the employee received the property distributed.

The distribution from the retirement plan was received by petitioner on or about October 19, 1998. Petitioner did not deposit the funds into an IRA, rather the funds were deposited into a CMA. Accordingly, the exemption of the distribution from gross income contained in section 402(a)(5)(A) does not apply.

Petitioner's argument seems based on an overly expansive reading of our opinion in Wood v. Commissioner, 93 T.C. 114 (1989). Wood involved a distribution from a profit-sharing plan where the taxpayer established an IRA within the 60-day period and transferred the distribution to a trustee. Because of a bookkeeping error by the trustee of the IRA, a portion of the distribution was not credited to the IRA account within the 60-

day period.  This Court held that the bookkeeping error did not preclude the rollover.  However, in Rodoni v. Commissioner, 105 T.C. 29, 38-39 (1995), we noted that

> Where the requirements of a statute relate to the substance or essence of the statute, they must be rigidly observed.  On the other hand, if the requirements are procedural or directory in that they do not go to the essence of the thing to be done, but rather are given with a view to the orderly conduct of business, they may be fulfilled by substantial compliance.  [Citations omitted.]

See also Schoof v. Commissioner, 110 T.C. 1, 11 (1998); Reese v. Commissioner, T.C. Memo. 1997-346; Orgera v. Commissioner, T.C. Memo. 1995-575.

There was no substantial compliance here.  While petitioner maintained an IRA with Merrill Lynch, the distribution was not transferred to that account, and the monthly statement clearly shows that this was the fact.  This was not a bookkeeping error on the part of Merrill Lynch.  Furthermore, even if there were an error, that error quickly could have been remedied by petitioner when he received the monthly statement for either October or November.  Petitioner, however, did not make any effort to remedy the alleged error.  We sustain respondent's determination.

Unreported Interest Income

Petitioner did not report $117 that was credited to his savings account by Hibernia National Bank during 1998.  As we understand, petitioner contends that, since the money was not actually withdrawn by him, it was not taxable.  Section 1.451-

2(a), Income Tax Regs., provides, inter alia:

> Income although not actually reduced to a taxpayer's possession is constructively received by him in the taxable year during which it is credited to his account * * *. However, income is not constructively received if the taxpayer's control of its receipt is subject to substantial limitations or restrictions. * * *

There were no restrictions on petitioner's ability to withdraw these funds, and we sustain respondent's determination.

Failure To File Timely Return

Section 6651(a)(1) provides for an addition to tax where a return is not timely filed "unless it is shown that such failure is due to reasonable cause and not due to willful neglect". The amount of the addition to tax is "5 percent of the amount * * * [of the correct tax] if the failure is for not more than 1 month, with an additional 5 percent for each additional month or fraction thereof * * * not exceeding 25 percent in the aggregate". Sec. 6651(a)(1). Petitioner's return was filed October 19, 1999. Respondent initially determined that petitioner's return was due August 15, 1999, but now concedes that the return was due October 15, 1999, and that the maximum addition to tax is 5 percent. Petitioner does not dispute that the return was late and offered no evidence or argument with respect to whether the failure to timely file was due to

reasonable cause and not due to willful neglect.[6]  We sustain respondent's determination as modified by the concession as to when the return was due.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered

under Rule 155.

---

[6]  Sec. 7491(c) provides that respondent has the "burden of production" for the addition to tax.  That burden is satisfied when respondent shows that the return was not timely filed.  It does not include establishing that there was not reasonable cause.  See Higbee v. Commissioner, 116 T.C. 438, 446 (2001).